FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 25 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROY HOLMES, TINA ALEXANDER, PATRICK NORRIS and MELISSA GARNER, Each Individually and on Behalf of All Others Similarly Situated**   PLAINTIFFS

This case assigned to District Judge **Marshall**
and to Magistrate Judge **Volpe**

vs.   No. 4:20-cv-191-DPM

**STETSON COURIER SOUTHEAST, INC.**   DEFENDANT

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Roy Holmes, Tina Alexander, Patrick Norris and Melissa Garner (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Blake Hoyt and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant Stetson Courier Southeast, Inc. ("Defendant"), and in support thereof, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiffs, each individually and on behalf of all others similarly situated, seek declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay

Plaintiffs and other similarly situated individuals proper minimum and overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims.

6. This Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. Defendant conducts business within the State of Arkansas.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

9. Plaintiffs were employed at Defendant's business in the Central Division of the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.    THE PARTIES

10. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully incorporated in this section.

11. Plaintiff Roy Holmes ("Holmes") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

12. Holmes is currently employed by Defendant as a medical courier driver and has been since June of 2019.

13. Plaintiff Tina Alexander ("Alexander") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

14. Alexander is currently employed by Defendant as a medical courier driver and has been since June of 2019.

15. Plaintiff Patrick Norris ("Norris") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

16. Norris is currently employed by Defendant as a medical courier driver and has been since June of 2019.

17. Plaintiff Melissa Garner ("Garner") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

18. Garner is currently employed by Defendant as a medical courier driver and has been since June of 2019.

19. At all times material hereto, Plaintiffs were entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

20. Defendant is a for-profit corporation registered from Florida.

21. Defendant's registered agent for service is Stephanie Stetson at 18303 Bridle Club Drive, Tampa, Florida 33647.

22. During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

23. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

24. During each of the three years preceding the filing of this Original Complaint, Defendant continuously employed at least four employees.

25. Defendant was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

## IV.   FACTUAL ALLEGATIONS

26. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

27. During Plaintiffs' employment, Plaintiffs worked for Defendant as Medical Courier Drivers and are responsible for delivering pharmaceuticals.

28. Plaintiffs and other Medical Courier Drivers participate in interstate commerce as part of their jobs by delivering pharmaceuticals that have been produced and purchased out-of-state.

29. Each week, Plaintiffs and other Medical Courier Drivers were assigned

routes to drive to pick up and deliver pharmaceuticals from Defendant's clients' business locations.

30. Plaintiffs and other Medical Courier Drivers were classified as independent contractors and were paid for each route they drove for Defendant plus a rate of $0.20 per minute for time spent waiting on the pharmacy to load the pharmaceuticals.

31. Plaintiffs and other Medical Courier Drivers were required to drive their own vehicles to deliver pharmaceuticals and were not properly compensated for their mileage.

32. Plaintiffs and other Medical Courier Drivers' pay frequently fell below the minimum wages required by the FLSA and the AMWA.

33. Plaintiffs occasionally worked more than forty (40) hours in a week.

34. Defendant failed to pay Plaintiffs and other Medical Courier Drivers one and one-half times their regular rate of pay for all hours worked over forty (40) each week.

35. Plaintiffs drove between 400 and 1500 miles per week.

36. Defendant did not sufficiently reimburse Plaintiffs and other Medical Courier Drivers for gas, mileage and automobile expenses.

37. According to the Internal Revenue Service, the standard mileage rate for the use of a car during 2019 was 58 cents per mile, and during 2020 is 57.5 cents per mile.

38. Because Plaintiffs and other Medical Courier Drivers drove between 400 and 1500 miles per week and were paid at or near minimum wage, Plaintiffs and other Medical Courier Drivers consistently "kicked back" to Defendant an amount sufficient to

cause minimum wage violations. *See* C.F.R. § 531.35.

39. Defendant expected Plaintiffs and other Medical Courier Drivers to follow Defendant's policies regarding their employment.

40. Plaintiffs and other Medical Courier Drivers did not manage Defendant's enterprise or a customarily recognized subdivision of the enterprise.

41. Plaintiffs and other Medical Courier Drivers did not exercise discretion and independent judgment with respect to any matters of significance.

42. Plaintiffs and other Medical Courier Drivers were hired to work for Defendant for a continuous and ongoing period of time.

43. Plaintiffs and other Medical Courier Drivers did not provide any training for any employee nor did they direct the work of any employee.

44. Plaintiffs and other Medical Courier Drivers did not select any employees for hire, nor did Plaintiffs and other Medical Courier Drivers have any ability to fire employees.

45. Plaintiffs and other Medical Courier Drivers did not have any control of or authority over any employee's rate of pay or working hours.

46. Plaintiffs and other Medical Courier Drivers were required to purchase and wear Defendant's company uniforms.

47. Plaintiffs and other Medical Courier Drivers were required to pass drug tests and background checks, which they were required to pay for themselves.

48. Defendant determined the Medical Courier Drivers' pay scale for services without input from or negotiation with Medical Courier Drivers.

49. Defendant set prices for services without input from or negotiation with

Medical Courier Drivers.

50. Defendant made decisions on advertising Defendant's business without Medical Courier Driver input.

51. Defendant made decisions on what new business to pursue or take without Medical Courier Driver input.

52. Plaintiff and other Medical Courier Drivers did not negotiate contracts or prices with Defendant's customers.

53. Defendant directed the Medical Courier Drivers.

54. Medical Courier Drivers were assigned regular routes, and they were not allowed to refuse that route or request a different route.

55. When Medical Courier Drivers were "on call," they were in theory allowed to refuse to drive a route, but Defendant indicated to Medical Courier Drivers that continual refusals would result in fewer routes being assigned to them overall.

56. Defendant required Medical Courier Drivers to follow the directions of Defendant with respect to delivery of pharmaceuticals.

57. Medical Courier Drivers had no opportunity to share in Defendant's profits.

58. Medical Courier Drivers did not share in Defendant's losses.

59. Plaintiffs and other Medical Courier Drivers were and are entitled to lawful minimum wages for all hours worked and overtime wages for all hours worked over forty (40) per week.

60. It was Defendant's commonly applied practice to not pay Plaintiffs and other Medical Courier Drivers a lawful minimum wage for all hours worked up to forty (40) hours in one week, nor lawful overtime wages for all hours worked in excess of

forty (40) per week.

61.   Defendant knew or showed reckless disregard for whether the way it paid Plaintiffs and other Medical Courier Drivers violated the FLSA and the AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

62.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

63.   Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64.   Plaintiffs brings their FLSA claims on behalf of all Medical Courier Drivers employed by Defendant at any time within the applicable statute of limitations period who are entitled to payment of the following types of damages:

   A.   Payment for all hours worked, including payment of a lawful minimum wage for all hours worked for Defendant up to forty (40) hours in a workweek and payment of lawful overtime wages for all hours worked for Defendant over forty (40) hours in a workweek;

   B.   Liquidated damages; and

   C.   Attorneys' fees and costs.

56.   Plaintiffs propose the following collective under the FLSA:

**All Medical Courier Drivers within the past three years.**

57.   In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file his or her written Consent to Join this lawsuit.

58. The relevant time period dates back three years from the filing of this Original Complaint and continues forward through the date of judgment, pursuant to 29 U.S.C. § 255(a).

59. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as independent contractors;

B. They were subject to Defendant's common pay policy and practice of paying per route rather than hourly;

C. They were subject to Defendant's common policy and practice of failing to properly reimburse them for all miles driven;

D. They were subject to Defendant's common policy of denying lawful pay for all hours worked; and

E. They were subject to the numerous other policies and practices as described above.

60. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds thirty (30) persons.

61. Defendant can readily identify the members of the Section 16(b) collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email, and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

62. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66. 29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and overtime wages of one and one-half times the regular rate of pay for all hours worked over forty (40) in one week unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. During the period relevant to this lawsuit, Defendant misclassified Plaintiffs as independent contractors.

68. Despite the entitlement of Plaintiffs to lawful minimum and overtime wages under the FLSA, Defendant failed to pay Plaintiffs lawful minimum wages for all hours worked up to forty (40) in each week and overtime wages for all hours worked over forty (40) in each one-week period.

69. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

70. By reason of the unlawful acts alleged herein, Defendant is liable to

Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Individual Claims for Violation of the AMWA)

71. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

72. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

73. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75. Despite the entitlement of Plaintiffs to lawful minimum and overtime wages under the AMWA, Defendant failed to pay Plaintiffs lawful minimum wages for all hours worked up to forty (40) in each week and overtime wages for all hours worked over forty (40) in each one-week period.

76. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Arkansas Code Annotated § 11-4-218.

## VIII. THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

78. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

79. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

80. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

81. During the period relevant to this lawsuit, Defendant misclassified Plaintiffs and all similarly situated members of the FLSA collective as independent contractors.

82. Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated minimum wage for all hours worked up to forty (40) per week and an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period, and instead deliberately chose to only pay them for each route they drove.

83. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

84. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages,

and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

85. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Roy Holmes, Tina Alexander, Patrick Norris and Melissa Garner, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Certification of a collective action pursuant to the FLSA, with all attendant notices to collective members, and proper procedures, all as set forth above and as to be explained more fully by motion practice;

B. A declaratory judgment that Defendant's practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

C. Judgment for damages for all unpaid minimum and overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

D. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

E. An order directing Defendant to pay Plaintiffs and other similarly situated employees prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ROY HOLMES, TINA ALEXANDER, PATRICK NORRIS and MELISSA GARNER, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROY HOLMES, TINA ALEXANDER, PATRICK NORRIS and MELISSA GARNER, Each Individually and on Behalf of All Others Similarly Situated**   **PLAINTIFFS**

vs.                         No. 4:20-cv-_____

**STETSON COURIER SOUTHEAST, INC.**   **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a piece-rate worker for Stetson Courier Southeast, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**ROY HOLMES**
February 25, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROY HOLMES, TINA ALEXANDER, PATRICK                                           PLAINTIFFS
NORRIS and MELISSA GARNER, Each Individually
and on Behalf of All Others Similarly Situated

vs.                                    No. 4:20-cv-_____

STETSON COURIER SOUTHEAST, INC.                                               DEFENDANT

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a piece-rate worker for Stetson Courier Southeast, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**TINA ALEXANDER**
February 25, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROY HOLMES, TINA ALEXANDER, PATRICK**        **PLAINTIFFS**
**NORRIS and MELISSA GARNER, Each Individually**
**and on Behalf of All Others Similarly Situated**

vs.        No. 4:20-cv-_____

**STETSON COURIER SOUTHEAST, INC.**        **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a piece-rate worker for Stetson Courier Southeast, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*/s/ Patrick*
_____
**PATRICK NORRIS**
February 25, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROY HOLMES, TINA ALEXANDER, PATRICK**  **PLAINTIFFS**
**NORRIS and MELISSA GARNER, Each Individually**
**and on Behalf of All Others Similarly Situated**

vs.                             No. 4:20-cv-_____

**STETSON COURIER SOUTHEAST, INC.**                      **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a piece-rate worker for Stetson Courier Southeast, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*/s/ Melissa Garner*
**MELISSA GARNER**
February 25, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**