**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROY HOLMES, TINA ALEXANDER,**                                **PLAINTIFFS**
**PATRICK NORRIS, and MELISSA**
**GARNER, Each Individually and On**
**Behalf of All Others Similarly Situated**

**v.**                            **4:20-cv-191-DPM**

**STETSON COURIER, INC., and**                           **DEFENDANTS**
**JOHN STETSON**

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, FOR DISCLOSURE**
**OF CONTACT INFORMATION AND TO SEND NOTICES**

Defendants by and through their attorneys Cross, Gunter, Witherspoon & Galchus, P.C., and for their Brief in Support of Response in Opposition to Plaintiffs' Motion for Conditional Certification, for Disclosure of Contact Information and to Send Notices, state:

## I.    INTRODUCTION

Stetson Courier, Inc. (Stetson Courier) is a Florida-based business that provides logistics services to its customers in multiple states.  Plaintiffs were each contracted courier drivers for Stetson Courier in Little Rock, Arkansas, and contracted to deliver on behalf of Stetson Couriers' only Arkansas-based customer, All Care Pharmacy.  Plaintiffs only contracted with Stetson Courier from June 2019 until April 1, 2020.  Their delivery services varied by route length, destination, and types.  Further, Plaintiff Norris worked as a Lead Driver with contracted work duties that no other Plaintiff provided to Stetson Courier.  Based on the facts available at this time, following discovery between the parties, the Plaintiffs are neither similarly situated to themselves nor to the putative class to which they seek to notify of this lawsuit.  As such, Plaintiffs' Motion for Conditional Certification must be denied in its entirety.

1

## II.     ARGUMENT

### A.     STANDARDS FOR CONDITIONAL CERTIFICATION.

Defendants understand that this Court is well-versed in the applicable two-step approach for determining whether to certify a collective action pursuant to Section 216(b) of the FLSA.  In the first stage or "notice stage," the plaintiff bears the burden of proof and must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  *Wheeler,* 2011 WL 5402446*,* at *1-2.  After completion of discovery, the court uses a more stringent analysis to determine whether the members of the class are actually similarly situated.  *Id.*[1]  Although lenient, the burden at the initial stage is not "invisible."  *Parker v. Rowland Express, Inc.,* 492 F. Supp. 2d 1159, 1164 (D. Minn. June 25, 2007).

The power to authorize notice must be exercised with discretion and only in appropriate cases.  *Freeman v. Wal-Mart Stores, Inc.,* 256 F. Supp. 2d 941, 944 (W.D. Ark. April 15, 2003).  A plaintiff "may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Wheeler*, 2011 WL 5402446*,* at *2.  Mere averments in a complaint are not enough*.  West v. Border Foods, Inc*., Case No. 05-2525, 2006 WL 1892527, at *3 (D. Minn. July 10, 2006).   Further, courts have made clear that the responsibility to intervene in the management of this type of litigation begins when the case is filed.  *Freeman*, 256 F. Supp. 2d at 945.  Indeed, this Court has held that it has a "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation."  *Id.* (citing *Severtson v. Phillips Beverage Co*., 137 F.R.D. 264, 266-67 (D. Minn. June 27, 1991)).

---

[1] The Eighth Circuit has set forth the proper standard for determining "similarly situated" at the second stage.  *See Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014).

Neither the Act nor the regulations define what "similarly situated" means. *Zezanski v. First Step, Inc.*, 2017 WL 11446916, at *2 (W.D. Ark. June 27, 2017). District courts within the Eighth Circuit have considered a variety of factors when determining whether plaintiffs and proposed class members are "similarly situated" at the notice stage. These factors include: (1) whether they hold the same job title; (2) whether they work or worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether they were subjected to the same policies and practices established in the same manner by the same decision-maker; and (5) the extent to which the acts constituting the alleged violations are similar. *Id*. at *2-3. Also, a "job title is not dispositive, whether a named plaintiff and potential collective action plaintiffs share a common job title is a factor to consider in making the initial "similarly situated" determination." *Id*. at *3.

### B.  Plaintiffs Are Not Similarly Situated for Even Conditional Certification.

Plaintiffs allege that they were improperly classified as independent contractors by Defendants. *See* ECF No. 5, ¶¶ 81-84. This is their sole claim for relief on behalf of the collective class. *Id.* In their Motion for Conditional Certification, they simply allege that they were not paid for overtime. *See* ECF No. 21, ¶ 1; *see also* ECF No. 22, pp. 7-8. Plaintiffs do not cite to any one policy or practice that supports their contention that they are similarly situated as required under Section 216(b) of the FLSA. Rather, they contend that they are similarly situated because they were not properly paid for all minimum wage and overtime hours. ECF No. 22, p. 8. Their rationale presumes that they and other drivers were improperly classified as independent contractors, despite there being no such finding in this case to this point.

Even at this conditional certification stage, the parties have already engaged in discovery and depositions in this matter. Thus, a heightened standard of review may be applied to their

Motion.  *See Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 437 (5th Cir. 2021) (declining to apply the two-stage approach to conditional certification of independent contractors following the close of discovery).  "When, as occurred in this case, the parties are permitted to conduct some limited discovery to determine whether a class of similarly situated plaintiffs may exists, courts sometimes hold the plaintiff to a higher standard of proof." *Jungkunz v. Schaeffer's Inv. Rsch., Inc.*, 2014 WL 1302553, at *7 (S.D. Ohio Mar. 31, 2014) (analyzing the "modest plus factual showing" principle under FLSA conditional certification).  Even granting Plaintiffs' allegations as true, their proposed class should not be certified.

    1.   <u>Plaintiffs Are Not Similarly Situated to One Another</u>.

Aside from broad allegations of improper pay, neither Plaintiffs' Motion nor their declarations state how she and the proposed class members "together were victims of a common policy or plan that violated the law." *Collins,* 2013 WL 1668984, at *2; *see also Aguirre v. SBC Comm., Inc.*, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006) (holding that unsupported allegations are inadequate even for first-stage).  First, Plaintiff Norris' own testimony shows that he was not similarly situated to the other named Plaintiffs.  His affidavit explains how he was a "Courier Supervisor" that had duties separate and apart from Plaintiffs Garner and Alexander. *Compare* Exhibit 21-9, ¶¶ 4, 7, & 15 *with* Exhibits 21-7 and 21-8.  No other courier driver has allegedly performed "Courier Supervisor" duties.  *See* Deposition of Patrick Norris Excerpts, attached to Defendant's Response as Exhibit 1, pp. 20:9-23:3; pp. 33:17-39:2.

Further, Plaintiff Norris states that he was paid a mileage rate for his services, which "were the sole method of calculating compensation for Couriers. . . ." Exhibit 21-9, ¶ 9.  However, Plaintiff Norris admitted in his deposition that he was paid a fee for his duties as a "supervisor," which included checking paperwork from Stetson Courier's customer with other drivers which he

4

contends was unlike "the other employees." Norris Dep., pp. 20:9-23:3; pp. 33:17-39:2. None of

the other Plaintiffs had these or even similar duties. Further, if the proposed class is conditionally

certified as drafted, there is no distinction between Norris and other possible "supervisors" who

could possibly join this action and create a disparity among representative evidence.

Second, the named Plaintiffs are different in that some operated other businesses or held

other employment while contracting with Stetson Courier, yet others did not. While the merits of

the case are not at issue for purposes of conditional certification, it cannot be ignored that a relevant

factor in determining whether Plaintiffs were misclassified as independent contractors is the degree

of control exercised by an alleged employer, especially following several months of open

discovery between the parties. *See Harris v. Express Courier Int'l, Inc.*, 2017 WL 5606751, at \*4–

6 (W.D. Ark. Nov. 21, 2017) (discussing independent contractor analyses under the FLSA at the

second, or decertification, stage) (internal citations omitted); *see also McClendon,* 2016 WL

3911897, \*2 (finding the extent to which the acts constituting the alleged violations are similar

under the first, or conditional certification, stage); *see also Swales*, 985 F.3d at 437 (5th Cir. 2021).

Plaintiff Holmes testified that he quit driving for Uber and other rideshare companies so that he

could only drive for Stetson (at his choice). *See* Deposition of Roy Holmes Excerpts, attached to

Defendant's Response as Exhibit 4, p. 26:7-18. Similarly, Plaintiff Norris did not perform any

services or have any outside employment during his contract term with Stetson.

However, Plaintiff Garner provided in-home care services while contracting with Stetson

Courier. *See* Deposition of Melissa Garner Excerpts, attached to Defendant's Response as Exhibit

3, pp. 19:2-20:22. Also, Plaintiff Alexander operated multiple businesses over time, such as

driving for Uber, Lyft, selling Mary Kay, transporting busses, and operating a business to pick-up

and drop-off children at schools around Little Rock, called Tina's Transport. *See* Deposition of

Tina Alexander Excerpts, attached to Defendant's Response as Exhibit 3, pp. 55:24-61:21; pp. 66:17-69:20. Though she did not operate most of those businesses (as an independent contractor) during her time with Stetson Courier, she did manage Tina's Transport from 2019 until her lone employee (her daughter) moved out of state in March 2020. *Id*. at p. 61. Notably, Plaintiff Alexander reported her income and tracked mileage on her vehicles that she commingled with other contract work as mentioned above making any delineation of business expense records impossible. *Id.* at pp. 59-61; 66-69.

Finally, Plaintiffs only contracted with Stetson Courier as courier drivers for a period from June 2019 – April 1, 2020. They have no knowledge of any facts relating to the Given these facts, the Plaintiffs cannot show how they are similarly situated even for purposes of conditional certification.

2.  Plaintiffs are Not Similarly Situated to Others.

For the same reasons as set forth above, Plaintiffs are not similarly situated to the proposed class they seek to certify and notice. Additionally, Plaintiffs' putative class is drafted in a way that is overbroad. Specifically, it seeks to include courier drivers beyond Little Rock and even Arkansas. Plaintiffs have never worked for any customer of Stetson Courier other than the one in Little Rock, Arkansas. Egan Dec., ¶ 8. Stetson Courier does contract with drivers outside of Arkansas who work for other customers. *Id*. There is no work performed on behalf of those other customers, and the pricing and operations of those other drivers' contracted work is different than that of Plaintiffs'. *Id*. In addition, Stetson did not begin operations in Arkansas until June of 2019, and Plaintiffs only contracted with Stetson Courier from June 2019 – April 2020. Egan Dec., ¶ 4; *see also* Exhibits 21-7, ¶ 4; 21-8, ¶ 4; 21-79, ¶ 4. They have no (alleged) knowledge of any operations outside of the one location in Little Rock.

6

It is unclear whether Plaintiffs are even aware of the existence of drivers outside of Arkansas.  Even so, geographic location of where the work is performed and the details of the work performed are each a relevant factor in determining whether to conditionally certify this class.  *See Zezanski*, 2017 WL 11446916, at \*2-\*3; *see also McClendon*, 2016 WL 3911897, at \*2. Indeed, Plaintiffs have failed to state any personal knowledge whatsoever as to those customers' operations, those putative class members' compensation, Stetson Courier's customer contract requirements, schedules, and/or number of hours worked, which is fatal to Plaintiffs' contention that collective action certification, even under the lenient standard applied at the conditional stage, is appropriate. *See Sisson v. The Salvation Army*, Case No. 6:14-CV-6090-RTD, Doc. 46, pp. 8-9 (W.D. Ark. July 7, 2015) (denying conditional certification where a plaintiff lacked personal knowledge regarding the individuals making up the proposed, multi-state collective action class)[2]; *see also McCoy v. Elkhart Prod. Corp.*, 2021 WL 510626, at \*3 (W.D. Ark. Feb. 11, 2021) ("Because Plaintiff has not demonstrated that conditional certification should include Indiana employees, the Court agrees with Defendant's proposed definition….").

As such, Plaintiffs' class definition is overbroad and, assuming certification is not denied in its entirety based upon the arguments stated above, the class should be limited to only courier drivers who contracted with Stetson Courier and made deliveries within Arkansas. Further the appropriate time period should only go back to June 1, 2019, which is when Stetson Courier began its only operation in Arkansas and encompasses all Plaintiffs' entire contract term.  *See* Egan Dec., ¶¶ 4-5.  This limited definition still promotes the purposes of the FLSA's collective action mechanism without stirring up unjustified litigation and adding undue costs to Defendants.  *See Freeman v. Wal-Mart Stores, Inc.,* 256 F. Supp. 2d 941, 945 (W.D. Ark. April 15, 2003).

---

[2] A copy of this unreported decision is attached to Defendants' Response as Exhibit 7.

3.   <u>Plaintiffs Have Not Identified any Others Who Desire to Join the Lawsuit</u>.

Although the Eighth Circuit has not addressed the issue, the Eleventh Circuit and numerous district courts (including those within the Eighth Circuit) have concluded that before a conditional certification motion can be granted, a named plaintiff must proffer some evidence that other similarly situated persons desire to consent to join the litigation.  *See Collins*, 2013 WL 1668984, at *3; *see also Butcher v. Delta Memorial Hosp.,* 2013 WL 1668998, at *3 (E.D. Ark. April 17, 2013); *Dybach v. Florida Department of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Rowland Express, Inc.*, 492 F.Supp.2d at 1165; *Aguirre,* 2006 WL 964554, at *6.  Indeed, "this Court continues to find that plaintiffs must do more than speculate that putative opt-in plaintiffs would be interested in joining a collective action. Without such a requirement, the parties and the Court could waste valuable resources issuing notice to potential plaintiffs only to find that the case cannot proceed as a collective action."  *Collins*, 2013 WL 1668984, at *3. Notably, a plaintiff "may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Wheeler*, 2011 WL 5402446, at *2.

In the absence of such evidence, "there would be no basis upon which the Court could conclude that the action was an 'appropriate case' for collective-action treatment."  *Parker v. Rowland Express, Inc.,* 492 F. Supp. 2d 1159, 1164 (D. Minn. June 25, 2007).  It is also relevant as to whether an employer should be put to the expense and effort of notice to a conditionally certified class.  *See Collins,* 2013 WL 1668984, at *3.  Without a showing that other potential plaintiffs actually would seek to join the lawsuit, it would:

> "render preliminary class certification automatic, as long as the Complaint contains the magic words: 'Other employees similarly situated.' Under this rationale, any plaintiff who is denied overtime pay may file suit under [the] FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every … employee."

8

*See Parker*, 492 F.Supp.2d at 1165 (citations omitted); *see also Collins,* 2013 WL 1668998, at *3 (noting that the "mere anticipation" that others may want to join the lawsuit or the mere presence of a uniformly adverse compensation policy is insufficient by itself to warrant creation of a collection action) (citing *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at *10 (S.D. Fla. May 17, 2006)).

Here, the Declarations of Plaintiffs merely state that based on conversations, they believe "that there would be others interested in participating in this lawsuit." *See* ECF 21-7, ¶ 15; ECF 21-8, ¶ 15; ECF 21-9, ¶ 15. This does not meet the requirement as discussed in *Collins.* Even if this Court were to conclude that the interest of other plaintiffs is not a *per se* "requirement," as some courts have held, it is unquestionably a factor that can still be considered in determining whether this case is appropriate for certification.  This is particularly true in a case like this where there is only the declarations from some of the named plaintiffs who have made no showing as to why they were allegedly subject to an unlawful policy or plan under the FLSA.  *See Parker*, 492 F.Supp.2d at 1165, fn 4.  Accordingly, conditional certification will not further the purposes of the FLSA, and Plaintiffs' request to issue notices at this stage should be denied.

### C. Plaintiff's Request for Email and Text Messaging Is Unnecessary and Unduly Burdensome.

Should the court find that some class is appropriate for purposes of issuing notices, Defendants do not oppose the issuance of the proposed Notice and Consent forms by regular mail and reminder postcard.  However, Defendants oppose Plaintiffs' request that notice be sent by email and that Defendants be required to post a notice "in a conspicuous location in the same areas in which it posts government-required notices." *See* ECF No. 21, Plaintiffs' Motion for Condition Certification, ¶¶ 8-9.  Also, the timelines proposed by Plaintiffs should be adjusted.

First, distribution by email is unnecessary.  Defendants do not oppose the distribution of the Notice and Consent forms via U.S. Mail, a reminder postcard, and physical posting.  Redundant transmissions of the same Court-approved Notice could be interpreted as an endorsement of the lawsuit, which is inappropriate.  *See Cruthis v. Vision's*, No. 4:12CV244 KGB, 2013 WL 4028523, at \*8 (E.D. Ark. Aug. 7, 2013); *Teramura*, 2013 WL 12171862 at \*4; *Knispel v. Chrysler Grp. LLC*, No. 11 11886, 2012 WL 553722, at \*8 (E.D. Mich. Feb. 21, 2012); *Temura v. Walgreen, Co.*, 2013 WL 12171862, \*4 (W.D. Ark. March 7, 2013) ("The Court sees no reason why distribution of the Notice by first-class mail would be insufficient. Therefore, it will deny Plaintiff's request to communicate with potential plaintiffs by telephone, email, or website."). This burdensome request will only add additional time and expense to the issuing of any notices, even though two mailings will be sent to the potential class members and posted at the worksite.

Second, Stetson has no physical office or other location wherein it could post a Notice.  *See* Egan Dec., ¶ 7.  As such, it is impossible for Stetson to comply with such a request.  Even so, the posting would be redundant and unnecessary.

Finally, Stetson should be afforded fourteen (14) days to distribute the putative class contact information after receipt of this Court's forthcoming order on Plaintiff's Motion.  This is a reasonable period of time to compile any such information required to be disclosed.  Also, the opt-in period should be limited to 60 days, which is ample time to distribute the notices, especially given that a reminder postcard will be issued after 30 days.  A 60-day opt-in period is sufficient.

### D.  Plaintiff's Proffered Notice of Right to Join Lawsuit Should be Edited.

Generally, Defendants do not oppose the proffered Notice of Right to Join Lawsuit. *See* ECF No. 21-1.  However, some edits should be required by this Court for fairness and to avoid confusion, including:

1.      The "RE:" line of the Notice should be amended to state: "Notice of Lawsuit and Right to Join".  The wording proposed by Plaintiff indicates unpaid wages are already owed, which is misleading.  Also, there should either be an underline for the entire line or none; only underlining the "Unpaid Wages lawsuit" wording is unnecessarily inflammatory.

2.      The "Introduction" paragraph should be made into the first paragraph, and the wording in the "Time Sensitive" paragraph (currently (1)) should be moved to paragraph number five.

3.      The "Description of the Lawsuit" in paragraph 3 should be corrected to reflect the claim that couriers were not properly classified as independent contractors, as whether or not the claimants are "employees" is a disputed issue in this suit.  Plaintiffs' proposed language insinuates that members of the proposed class are already deemed employees, which is inaccurate.  *See Harrison v. Hog Taxi, LLC*, 2019 WL 4280328, at *4 (W.D. Ark. Sept. 10, 2019) ("Since a central element of the dispute will be whether the drivers are employees or independent contractors of Defendants, which has not yet been adjudicated, the class definition and any reference to the class will refer to taxi drivers who "worked for" rather than "were employed by" Defendants.").

4.      Finally, the first sentence of the second paragraph under "Effect of Joining this Suit" (paragraph 6) should be reworded as follows: "It is important to understand that you may be entitled to recovery even if you did not work unpaid hours as a courier for Defendants."  *See* ECF No. 21-1, ¶¶ 11-13.  Plaintiffs' proposed statement is, again, misleading, and the modified sentence more accurately reflects the claims asserted in this matter.

Should any notices issue, Defendants contend that these requested edits are reasonable and will ensure fairness to them without interfering with the Notice of Rights being disseminated among Stetson Courier's past and current contracted courier drivers.

### III.     CONCLUSION

As can be seen, the putative class proffered by Plaintiffs is not similarly situated for purposes of the FLSA.  Even if they were, Plaintiffs cannot add demonstrative evidence sufficient to fairly adjudicate the proposed classes' claims against Stetson Courier.  Conditional certification of the class will add unnecessary costs and delays of these individual Plaintiffs' claims. If any Notices are approved by this Court, Defendants respectfully request that the aforementioned edits be incorporated prior to distribution. Accordingly, because there exists no similarly situated class of persons, Defendants respectfully request that the Court deny the Motion for Conditional Certification, Disclosure of Contact Information and to Send Notices, or other relief to which they are entitled.

Respectfully submitted*,*

Gregory J. Northen, AR Bar No. 2011181
Michael J. Berry, AR Bar No. 2020136
**CROSS, GUNTER, WITHERSPOON**
**  & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone: (501) 371-9999
Fax:    (501) 371-0035
**ATTORNEYS FOR DEFENDANTS**