IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROY HOLMES; TINA ALEXANDER;
PATRICK NORRIS; and MELISSA GARNER,
Each Individually and on Behalf of All
Others Similarly Situated                                              PLAINTIFFS

v.                              No. 4:20-cv-191-DPM

STETSON COURIER, INC., and
JOHN STETSON                                                           DEFENDANTS

ORDER

Stetson is a Florida-based company that provides logistics services to customers in multiple states. From June 2019 to April 2020, Holmes, Alexander, Norris, and Garner worked for Stetson as delivery couriers on behalf of All Care Pharmacy, an Arkansas-based customer. The couriers allege that Stetson misclassified them as independent contractors and wrongly denied them overtime pay. They move to conditionally certify a collective action. The parties have done some discovery, so the Court takes a closer look at the record than usual.

All material things considered, the couriers have carried their burden for collective certification. They've met the applicable standard of showing that the Arkansas-based couriers are similarly situated to one another. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *3 (E.D. Ark. 15 December 2009). That some of the employees had supervisory

duties or worked second jobs doesn't change the fact that they're similarly situated in their role as couriers. The claims here are limited to that role. And the record bears out the appropriate factual showing—through the pleading, the three declarations (Alexander, Garner, and Norris), and the four depositions—that the same kind of alleged wage violations occurred to other couriers. *Garrison v. ConAgra Foods Packaged Food, LLC*, 2013 WL 1247649, at *2 (E.D. Ark. 27 March 2013). But, the Court shares some of Stetson's concerns about the couriers' proposed collective. The couriers only made deliveries on behalf of All Care Pharmacy, Stetson's sole Arkansas-based customer. The record doesn't show that plaintiffs know about the situation of Stetson couriers in other states or are similarly situated to them. A geographic limitation is therefore needed. And the current record doesn't show that Stetson hired couriers in Arkansas before 4 June 2019. Plaintiffs will be afforded FLSA's three-year statutory window, but must offer evidence in due course about pre-June 2019 operations. The Court conditionally certifies this collective:

> All Arkansas-based couriers who worked for Stetson Courier, Inc., and John Stetson and made deliveries within this state at any time since 25 February 2017.

A few changes to the proposed notice and consent forms. Please update them to reflect the modified group definition throughout. Strike the underline under "Unpaid Wages lawsuit" in the "RE:" line of the notice. Bump the "Time Sensitive" paragraph down to be the fourth

numbered paragraph of the notice, after "Composition of the Collective" and before "Your Right to Participate in This Suit". Revise the first sentence of the second paragraph under "Effect of Joining this Suit" in the manner Stetson suggests. And edit the forms to reflect the claim that the couriers were misclassified as independent contractors. Because the fighting issue in this case is whether the couriers were employees or independent contractors, it's premature to refer to them as employees in the forms. Call them couriers.

Because Stetson doesn't have a physical office or comparable location, there's no sense in requiring it to post notice. Notice to group members by either U.S. mail or email (at group counsel's election) is fine. One follow-up by postcard or email is fine, too. Stetson doesn't need to provide telephone numbers, but it must provide the remaining requested contact information by 21 May 2021. The opt-in period will close on 11 August 2021. The Court otherwise overrules Stetson's objections. Motion, *Doc. 21*, granted as modified.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

11 May 2021