IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROY HOLMES, TINA ALEXANDER,                                                    PLAINTIFFS
and PATRICK NORRIS, and MELISSA
GARNER, Each Individually and on
Behalf of All Others Similarly Situated

vs.                                   Case No. 4:20-cv-191-DPM

STETSON COURIER, INC.,                                                   DEFENDANTS
and JOHN STETSON

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES

### I. INTRODUCTION

Defendants' Response to Plaintiffs' Motion for Costs and Attorneys' Fees ("Response") (ECF No. 144) devotes as much energy to citing opinions in which courts have found reasons to reduce fees requested by Sanford Law Firm, PLLC ("SLF") as to actually analyzing hourly rates and billing entries. As noted by the Western District of Arkansas, "Fee requests pursuant to fee shifting statutes are entirely fact specific to the case and attorney time claimed for a specific service rendered," and therefore "[b]ecause the attorney fee request of the [SLF] was reduced in a previous case is of little relevance with this case." *Rodriguez v. George's, Inc.*, No. 5:19-cv-05035, 2021 U.S. Dist. LEXIS 53997, at *6 (W.D. Ark. Mar. 23, 2021). In any event, viewed both independently and through the lens of prior fee awards, Plaintiffs' request for costs and fees is reasonable, and Plaintiffs' Motion for Costs and Attorneys' Fees ("Motion for

Page 1 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Fees") should be granted in its entirety except for any specific reductions agreed to herein.

    A.    <u>Defendants' Request for a Lodestar Reduction Is Inappropriate in Light of the Individual Reductions Requested.</u>

At the outset, Defendants' illogical and contradictory claims regarding Plaintiffs' self-audit of the billing in this case should be disregarded. Defendants claim that because Plaintiffs did not include the excluded billing in the filed billing spreadsheet, there is no way to verify that Plaintiffs did not artificially inflate the billing so that they could look reasonable in cutting it.[1] In the very next sentence, Defendants claim that Plaintiffs should not have excluded legitimate work and implies that the fact that *any* work was taken out is evidence of SLF's malintent in requesting inflated billing. By this logic, SLF should not impose a self-audit at all and leave it to Defendants and the Court to sort out whether the billing was reasonable. Rather than cave to this sort of self-serving accusation, SLF continues to review the billing of each case prior to presenting it to the Court to ensure there is no duplicative, unreasonable, or unnecessary billing as required by legal precedent.[2]

Defendants specifically identify certain billing entries which Defendants contend should be deducted from Plaintiffs' fee request. However, not all of the billing entries are appropriate for reduction. In an effort to resolve the dispute between the parties,

---

[1] This is a wholly baseless and inappropriate accusation. Even a cursory review of this Court's rulings on SLF's previous fee petitions shows that not only is this not SLF's practice, but also that even if it were, this Court's careful and judicious review of SLF's fee petitions guarantees that that type of calculated game-playing would not work. Regardless, the unedited billing invoice is available for the Court's (and Defendants') review if it deems it necessary to examine whether the deducted billing was reasonably expended. As an aside, SLF stopped including the cut billing in its invoices because of this very accusation—defendants hyper-focused on the billing that SLF was *not* requesting rather than focusing on the reasonableness of the billing that it was.

[2] This is an effort undertaken in good faith, but as demonstrated below, is subject to human error.

Page 2 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Plaintiffs consent to 10 hours of billing identified by Defendants being deducted, although Plaintiffs do not agree that all of these hours are inherently appropriate or deduction.

Defendants' objections to the whole of the Client Communication category is unwarranted. To begin with, SLF should not have to disclose the substance of client communication in order to be compensated for this time. Further, the Client Communication category has already been reduced, and no additional reduction should be applied. Given the number of Opt-In Plaintiffs involved in this case at the time of settlement and the lifespan of this case, 117.7 hours of Client Communication time is a facially reasonable amount of billing.[3]

Defendants' object to 36.2 hours of Attorney Qualls's trial preparation time, but this time was necessary to the outcome of the case and fully compensable. As this Court knows, the details of preparing for in-court presentations involve common elements: reviewing statutes and case law and checklists; reviewing documentary evidence and notes from conversations with witnesses and prior efforts at distilling essential factual elements for presentation to the Court; reviewing all client testimony, including depositions; reviewing Defendants' defenses and positions taken, or implicitly taken, in answering discovery (and even in taking discovery in terms of questions asked in depositions), and assessing the best arguments and strategies for countering Defendants' expected positions; analyzing and strategizing for issues of bias for both friendly and hostile witnesses; considering and deploying the best methods for

---

[3] Should the Court deem further review necessary, Plaintiffs respectfully request permission to file the unredacted billing invoice under seal. Defendants are likely correct that not all of those communications contain privileged information, but some of them certainly do, and SLF has noted this and other Courts' instructions to keep time spent in reviewing billing to a minimum and now simply redacts all client communications rather than spend excessive time in review for privileged information.

Page 3 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

presentation of damages issues; outlining expected in-court oral motions; outlining responses to expected in-court oral motions from Defendants; developing and outlining expected opening and closing arguments; and any number of related tasks. The time spent in performing these tasks should not be excluded merely because they were not explicitly detailed in the time entry's description. Importantly: Mr. Qualls did not "block bill" the 30+ hours in question, but instead it is apparent from the initial submission on what days he did the work in question, and in what amounts. The hours spent in "preparation for trial" were reasonably expended and are compensable.

Defendants next claim certain billing entries should be deducted because they amount to "administrative" work. The objected-to time attributed to Attorney Blake Hoyt totals exactly 2 hours. Of those two hours, Plaintiffs concede the reduction of 1 hour.[4] The remaining hour consists of communication regarding the production of documents and case details from clients and are compensable time. Plaintiffs concede the reduction of the 0.1 hours of "administrative" work attributed to Attorney Josh Sanford that Defendants object to. The objected-to time attributed to Attorney Colby Qualls totals 1.2 hours. Of those hours, Plaintiffs concede to the reduction of 0.5 hours to account for the perceived duplication.[5] The remaining 0.7 hours consists of proper communication regarding the calculation of damages, an activity that inherently requires attorney oversight.

---

[4] Plaintiffs concede to the reduction of entry numbers 8, 61, 93, 107, 128, 296, 313, 482, and 537 (or numbers 1, 4, 9, 11, 13, 15, 17, 18, and 19 on Defendants' list in their Response, p. 11).

[5] Plaintiffs concede to the reduction of entry numbers 1363, 2186, and 2211 (or numbers 1, 5, and 8 on Defendants' list in their Response, p. 12).

Page 4 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Defendants next object to attorney oversight of paralegal work. Of the 4.6 hours attributed to Attorney Hoyt, Plaintiffs concede the reduction of 1.9 hours.[6] The remaining 2.7 hours consist of attorney direction regarding the drafting of discovery and communications with Defendants' counsel regarding discovery and deposition scheduling. Of the 6 hours attributed to Attorney Qualls, Plaintiffs concede the reduction of 2.6 hours.[7] The remaining 3.4 hours consist of Attorney Qualls's necessary direction regarding discovery, trial preparation, and client communication and are compensable. Notably, this "oversight," even before Plaintiffs' conceded reductions, amounted to a mere 1.7% of the overall billing in this case.

Finally, Defendants object to instances in which attorneys conferenced with Attorney Josh Sanford. Far from the "constant oversight" claimed by Defendants, the entries Defendants object to from Attorney Hoyt amount to a whopping 0.7 hours, or a mere 1.05% of Attorney Hoyt's overall time. The entries Defendants object to from Attorney Qualls are slightly higher, totaling exactly 2 hours, because Attorney Qualls sought completely appropriate guidance from a more senior attorney (who was also an attorney of record here) regarding issues with discovery and trial preparation. *See* Billing invoice, ECF No. 141-1, Entry Nos. 1398, 2235, 2280, 2352, and 2555 (or entries 4–8 on Defendants' list in their Response, p. 21). Still, this "oversight" is *less than 1%* (0.83%) of Attorney Qualls's overall time.

---

[6] Plaintiffs concede to the reduction of entry numbers 149, 253, 259, 348, 404, 424, 440, 456, 468, 531, 538, 604, and 606 (or numbers 2, 4, 5, 8, 11, 13, 14, 16, 17, 22, 23, 29, and 30 on Defendants' list in their Response, p. 13–15).

[7] Plaintiffs concede to the reduction of entry numbers 963, 982, 991, 993, 1125, 1130, 1411, 1420, 1471, 1477, 1536, 1556, 1582, 1657, 1732, 1810, 1884, 1967, 2247, 2282, and 2613 (or numbers 2, 3, 4, 5, 8, 9, 17, 19, 20, 21, 29, 30, 31, 35, 36, 37, 41, 43, 47, 49, and 52 on Defendants' list in their Response, p. 15–19). Numbers 16 and 17 on Defendants' list are duplicates with different dates, but the entry under number 16 does not exist in the billing invoice on that date.

Page 5 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Of the 16.6 total hours Defendants specifically objected to by line item (amounting to $2,695.80), Plaintiffs concede 6.1 hours, which amounts to $1,010.80 in reduction. Plaintiffs concede an additional 3.9 hours[8] (for a total of 10) to account for the inevitable errors that were not specifically identified, for a total conceded reduction of $1,595.80. Defendants' specific identification of 16.6 hours, which Defendants claim makes Plaintiffs' invoice "replete" with inappropriate billing, represents a mere 2.6% of total billing in this case and does not justify the further 50% reduction requested by Defendants. "When reducing fees, courts may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it may not do both. *Poblano v. Russell Cellular, Inc.*, No. 8:19-cv-265-KKM-AAS, 2022 U.S. Dist. LEXIS 16848, at *6 (M.D. Fla. Jan. 26, 2022) (internal quotation marks omitted).

B. <u>The Hourly Rates Requested by Plaintiffs Are Appropriate.</u>

In arguing that Plaintiffs' requested hourly rates are too high, Defendants claim that "the reasonableness of an attorney's fee, particularly the fees of SLF, have been thoroughly considered and adjudged by U.S. District Courts for the Eastern and Western Districts of Arkansas." Resp., p. 25, n.24. This is not the legal standard for a fair assessment of reasonable hourly rates. As SLF has been instructed, "[p]rior awards are not direct evidence of market behavior; the court is not a legal souk." *Huffman v. Associated Mgmt.*, No. 4:20-cv-01296-BRW, 2021 U.S. Dist. LEXIS 136415, at *4 (E.D. Ark. July 22, 2021) (quoting *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000)). While prior awarded hourly rates may be instructive, Plaintiffs need only present rates based on a reasonable market assessment, which Plaintiffs have done.

---

[8] Plaintiffs calculated the 3.9 hours at Attorney Qualls's hourly rate of $150.00 because Attorney Qualls performed the bulk of the work on this case.

Page 6 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Regardless, the hourly rates requested by Defendants are absurdly low, even based on prior rates awarded to SLF. It is unreasonable for Defendants to insist that hourly rates remain frozen in time, and in fact both case law and common-sense dictate that they should not. *See McConnell v. Sw. Bell Tel. LP*, Civil Action No. 3:20-CV-1457-X, 2023 U.S. Dist. LEXIS 17493, at *6 (N.D. Tex. Feb. 2, 2023); *Veasey v. Abbott*, No. 2:13-CV-193, 2020 U.S. Dist. LEXIS 255611, at *50, fn24 (S.D. Tex. May 27, 2020). In fact, this Court recently noted in *Hallman v. Peco Foods, Inc.*, that SLF's rates had not been raised since 2019. No. 3:19-cv-368-DPM (E.D. Ark.), ECF No. 186. Accordingly, the Court awarded an hourly rate of $275 to Josh Sanford and $225 to Vanessa Kinney. Notably, the Court awarded an hourly rate of $200 to Sean Short, who has been practicing since 2015, and $150 to Michael Stiritz, who has been practicing since only 2021. Attorney Hoyt has been practicing since 2014, making his rate more akin to that of Sean Short; Attorney Qualls has been practicing since 2019, making his rate more akin to Stiritz. The requested rates of $175 for Attorney Hoyt and $150 for Attorney Qualls are not only wholly reasonable but are in line with this Court's prior awards.

Defendants' requested rates for Attorneys Harness, Wilson, Matlock, Ford and Edmondson suffer from this same deficiency. Attorneys Harness and Wilson have been practicing for 15 to 20 years, making their rates more analogous to Attorney Kinney; Attorneys Matlock and Ford have been practicing for nearly 10 years, making their rates more analogous to Sean Short; and Attorney Edmondson has been practicing since 2021, making her rate analogous to Michael Stiritz. If this Court will not award the rates requested by Plaintiffs, then the Court should award rates that reflect the increase awarded in *Hallman*.

Page 7 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Finally, Defendants make an unsupported claim that Plaintiffs' requested rates are unreasonable and "staggering" because SLF requested lower hourly rates at the time this case was initiated in 2020 and the rates do not reflect a yearly increase. It is well-settled that the hourly rate awarded in an FLSA fee petition is the rate that an attorney bills at the time fees are being assessed, not the rates used during the litigation. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) ("The hourly rate at which compensation is awarded should reflect rates in effect at the time the fee is being established by the court, rather than those in effect at the time the services were performed.").

In sum, Plaintiffs' hourly rate requests are supported by case law and Plaintiffs' counsel's experience. However, even if this Court should refuse to award the rates requested by Plaintiffs, the Court should still increase the rates from those requested by Defendants to be in line with this Court's assessment of rates in *Hallman*.

C.  There Is No Basis for the 50% Overall Reduction Requested by Defendants based on *Childress* or the *Johnson* factors

Defendants request a "generous" 50% reduction based on a wholly made-up idea of "lack of success." Plaintiffs obtained a full victory at trial on behalf of six individuals, all of whom were named Plaintiffs in this case and *Hames v. Stetson Courier, Inc.*, No. 3:21-cv-218-DPM (E.D. Ark.). Plaintiffs received a liability ruling from the Court and a favorable judgment awarding them damages; to claim that Plaintiffs were unsuccessful is simply ridiculous.

Defendants raise two related arguments in support of their request for reduction for "lack of success." First, Defendants present some highly specific and decontextualized math based on nothing more than Defendants' own extrapolation to

Page 8 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

claim that Plaintiffs only received "5% of the estimated pre-trial exposure." Resp., p. 28. The second, related[9] argument is that the Court decertified the collective at trial and dismissed 34 opt-in plaintiffs, which, according to Defendants, means that Plaintiffs were only victorious on 15% of their claims. Neither of these arguments merits an additional 50% reduction in overall fees.

First of all, Courts should not overemphasize the amount of recovery "because an award of attorney fees here encourages the vindication of congressionally identified policies and rights." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 806 (11th Cir. 2020) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994)). "[E]ach time the FLSA is enforced, it provides an incentive for employers to obey rather than flout the statute." *Id*. at 805 (editing marks in original).

In rejecting the employer's request for a deduction based on "the plaintiffs' alleged lack of success," the court in *Morales v. Farmland Foods, Inc*., pointed out that the Court had "already determined that the settlement was fair and reasonable," and that while the settlement amount represented a small percentage of the plaintiffs' initial estimate of damages, "the settlement amount represents a significant increase from the amount (zero) of damages that the defendant contended was due and owing to the plaintiffs." No. 8:08CV504, 2013 U.S. Dist. LEXIS 56501, at *33–34. (D. Neb. Apr. 18, 2013). "A court should compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome, even if 'the plaintiff failed to prevail on every contention.'" *Fox v. Vice*, 563 U.S. 826, 834, 131 S. Ct. 2205 (2011).

---

[9] These ideas of "unsuccessful" claims very clearly rely on each other. Defendants' exorbitant idea of estimated pre-trial exposure, which was calculated based on Plaintiffs' post-trial brief, is only possible when there are 40 plaintiffs in the case.

Page 9 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Defendants suggest that Plaintiffs were not successful because the collective was decertified and the claims of the collective were dismissed, but Defendants have not shown that the dismissal of the opt-ins resulted in billing entries that could not be attributed to the named Plaintiffs who were ultimately victorious. "Attorneys' fees may be awarded for unsuccessful claims as well as successful ones . . . where they are 'inextricably intertwined and involve a common core of facts or are based on related legal theories.'" *Holick v. Cellular Sales of N.Y., LLC*, No. 1:12-CV-584 (DJS), 2021 U.S. Dist. LEXIS 47393, at *5-6 (N.D.N.Y. Mar. 15, 2021) (quoting *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 656 (S.D.N.Y. 2019)). *See also Hensley v. Eckerhart*, 461 U.S. 424, 435 n.11 (1983) ("Nor is it necessarily significant that a prevailing plaintiff did not receive all the relief requested. For example, a plaintiff who failed to recover damages but obtained injunctive relief, or vice versa, may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time."). Accordingly, there is no basis for reducing fees based on this argument by Defendants.

The Supreme Court directs that there is a "strong presumption" in favor of the lodestar and direction that deviations from the lodestar should occur only in "rare" circumstances. *See Beauford v. ActionLink, LLC*, No. 4:12-cv-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *21–22 (E.D. Ark. Jan. 15, 2014) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010)). Defendants' argument for an across-the-board 50% reduction based on nothing other than a "lack of success" argument that fails to adequately address how the alleged lack of success relates to the lodestar must be rejected. The work performed by counsel for

Page 10 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Plaintiffs in this case was reasonable and necessary to achieve the judgment reached on behalf of Plaintiffs. Therefore, no reduction for lack of success is warranted.

E.   Conclusion

For the reasons set forth above, Plaintiffs' request for fees and costs should be granted in its entirety with the exception of the 10 hours conceded by Plaintiffs. With the reduction, Plaintiffs' total request for fees is $113,389.80.

Respectfully submitted,

**ROY HOLMES, TINA ALEXANDER, PATRICK NORRIS and MELISSA GARNER, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 11 of 11
Roy Holmes, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-191-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**