IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROY HOLMES; TINA ALEXANDER;
PATRICK NORRIS; and MELISSA
GARNER, Each Individually and on
Behalf of All Others Similarly Situated                            PLAINTIFFS

v.                           No. 4:20-cv-191-DPM

STETSON COURIER, INC.,
and JOHN STETSON                                                    DEFENDANTS

ORDER

1.  After the parties spent more than three years vigorously litigating this wage case, the Court held a bench trial on the liability issues and ruled on damages after post-trial briefing. *Doc. 116, 137 & 138*. A dispute about attorney's fees and costs remains. Counsel for the couriers spent 641.6 hours on this case, for which they request $114,985.60 in attorneys' fees and $8,477.78 in costs. Stetson requests that the Court reduce the fees by 65%, but does not object to the costs. The Court must determine the number of hours reasonably expended multiplied by a reasonable hourly rate, and then make any appropriate reductions or additions. *Hensley v. Eckerhart*, 461 U.S. 424, 433-40 (1983); *Quigley v. Winter*, 598 F.3d 938, 956-59 (8th Cir. 2010).

2.  The Court agrees with Stetson that the proposed rates are too high for this kind of work in this District. Hourly rates have increased in recent years. To reflect that circumstance, the Court will

use blended rates. These embody some increases; but they also reflect the fact that some of the work in this case was done when the reasonable rates were less. The Court awards fees for these listed hours and at these rates:

| | | | | |
|---|---|---|---|---|
| Josh Sanford | 7.2 hours | x $265/hour | = $ | 1,908.00 |
| Vanessa Kinney | 132.7 hours | x $215/hour | = $ | 28,530.50 |
| Blake Hoyt | 66.9 hours | x $140/hour | = $ | 9,366.00 |
| Colby Qualls | 240.4 hours | x $115/hour | = $ | 27,646.00 |
| Courtney Harness | 6.5 hours | x $215/hour | = $ | 1,397.50 |
| Daniel Ford | 4.9 hours | x $175/hour | = $ | 857.50 |
| Laura Edmondson | 6.1 hours | x $115/hour | = $ | 701.50 |
| Patrick Wilson | 6.7 hours | x $215/hour | = $ | 1,440.50 |
| Rebecca Matlock | 13.3 hours | x $170/hour | = $ | 2,261.00 |
| Paralegal | 153.4 hours | x $100/hour | = $ | 15,340.00 |
| Law Clerk | 3.5 hours | x $50/hour | = $ | 175.00 |
| | | | $ | 89,623.50 |

3. The Court must also make an across-the-board reduction to arrive at a reasonable fee. *Hensley*, 461 U.S. at 434-37. Counsel's self-audit and voluntary trims are commendable. An additional 25% reduction is reasonable, though, to account for some overstaffing, inefficiencies, and over-the-shoulder lawyering. While this case was long-lived and hard fought, nine lawyers, a paralegal, and a law clerk are too big of a team. *Skender v. Eden Isle Corp.*, 33 F.4th 515, 521-23 (8th Cir. 2022). Only four of the named couriers prevailed on their wage claims. And the Court had to pick up the slack on the

damage calculations after the trial and after giving counsel the opportunity to submit additional briefing. All material things considered, the Court awards the $67,217.63 as the reasonable attorney's fee for the work in this case. *Hensley*, 461 U.S. at 434-37; *Vines v. Wellspun Pipes, Inc.*, 9 F.4th 849, 855-56 (8th Cir. 2021).

**4.** The Court also awards a reduced amount in costs. Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920. The filing fee, transcript fees, and printing costs are recoverable, 28 U.S.C. § 1920(1)-(3). The postage and private service fees, however, aren't recoverable as costs. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). But, all these items are routinely billed to clients in the Eastern District of Arkansas and will be awarded as part of the fee. The Court declines to award the unspecified TLO charge. Here's the final award:

| | |
|---|---|
| Attorneys' Fees | $67,217.63 |
| Costs | $8,022.23 |
| Other Expenses | $270.15 |
| Total | $75,510.01 |

**5.** Motion to reopen discovery, *Doc. 143*, denied without prejudice. Stetson says it intends to make payments on a payment plan. Please file a joint report on the plan's structure and any payments made to date by 15 January 2024. The Court will exercise

–3–

jurisdiction as necessary if the payment issues are not sorted.  Fed. R. Civ. P. 69(a)(2).

\*   \*   \*

Motion for fees and costs, *Doc. 141*, mostly granted and partly denied.  Motion to reopen discovery, *Doc. 143*, denied without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

15 December 2023