IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROY HOLMES; TINA ALEXANDER;
PATRICK NORRIS; and MELISSA
GARNER, Each Individually and on
Behalf of All Others Similarly Situated                     PLAINTIFF

v.                     No. 4:20-cv-191-DPM

STETSON COURIER, INC., and JOHN
STETSON                                                     DEFENDANTS

## ORDER

John Stetson is in the wind. Eighteen months ago, the Court entered Judgment against him and his corporation—for a total of $59,313.08 with an interest rate of 5.46%. *Doc. 138.* The Court also awarded the plaintiffs attorneys' fees and costs of $75,510.01. *Doc. 147.* Stetson has been elusive and uncooperative in paying what he owes. The plaintiffs, defense counsel, and the Court have been trying to track him and his corporation down, to no avail. Here's a history of the attempts.

- November 2023 | Stetson wasn't making payments on the Judgment. The plaintiffs moved for post-Judgment discovery to locate Stetson's assets. *Doc. 143.*

- February 2024 | The plaintiffs sought a writ of garnishment against J.P. Morgan Chase Bank to get at Stetson's assets. *Doc. 151*.

- February 2024 | The plaintiffs clarified that Stetson had paid $10,750 out of the $134,823.09 he owed. He was then in default. *Doc. 155*.

- April 2024 | The plaintiffs asked Stetson's counsel for Stetson's current address, phone numbers, and e-mail addresses. *Doc. 160*.

- April 2024 | Stetson had made no more payments. The plaintiffs had served J.P. Morgan Chase Bank with the writ of garnishment. *Doc. 162*.

- May 2024 | Stetson had entirely stopped making payments. The plaintiffs renewed their motion to re-open discovery. *Doc. 166*. The Court granted it. *Doc. 167*.

- July 2024 | Stetson's lawyer couldn't get in touch with him and moved to withdraw. *Doc. 168*.

- August and September 2024 | The plaintiffs discovered that Stetson may have fraudulently dissolved Stetson Courier and begun doing business under the name "Jetsun Courier." They asked the Court to compel Stetson to appear at an oral deposition. *Doc. 171*. The Court granted the request. *Doc. 173*.

- October 2024 | The notice of deposition was mailed to Stetson. It was returned undeliverable. *Doc. 176*.

| | |
|---|---|
| • November 2024 | Stetson didn't appear for his scheduled deposition. He hadn't been in contact with the plaintiffs' counsel. He hadn't made any more payments. *Doc. 178.* The plaintiffs moved for sanctions and a writ of body attachment. *Doc. 179.* |

A writ of body attachment is an extreme measure, but the plaintiffs seem to have tried every other avenue to collect on their Judgment. Many courts have issued writs in similar circumstances. *E.g., Greater St. Louis Construction Laborers Welfare Fund v. Ability Building & Restoration, LLC*, 2015 WL 631012, at *2 (E.D. Mo. 12 February 2015); *Jones v. Buscemi*, 2020 WL 3791538, at *1-2 (E.D. Mo. 7 July 2020); *United States v. Vanderpool*, 2014 WL 7530244, at *2 (W.D. Mo. 24 November 2014), *report and recommendation adopted*, 2014 WL 7524990 (W.D. Mo. 17 December 2014).

The Court will hold an in-person status conference with counsel from both sides at 10:00 a.m. on Wednesday, 4 June 2025 in courtroom AC436 of the Richard Sheppard Arnold United States Courthouse in Little Rock. John Stetson must attend the hearing in-person, too. If he does not, the Court will consider sanctions and a writ of body attachment will likely issue. Motion, *Doc. 179*, denied without prejudice.

—4—

So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

25 March 2025